

FILED

AUG 0 7 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA, | CASE NO. 11cv763-MMA(KSC) |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDA-TION RE DEFENDANTS' MOTION TO DISMISS, IN PART, PLAINTIFF'S FIRST AMENDED COMPLAINT |
| JODIE RIVERA, et al., | |
| Defendants. | [Doc. No. 17] |

Plaintiff Lenin Garcia is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants J. Rivera, A. Canlas, M. Glynn, and K. Seeley have filed a Motion to Dismiss, in Part, Plaintiff's First Amended Complaint. Defendants' Motion to Dismiss was brought pursuant to Federal Rule of Civil Procedure 12 (b). These defendants argue that one of plaintiff's claims must be dismissed, because he failed to exhaust his administrative remedies before he initiated this action.

This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.3(a) of the United States District Court for the Southern District of California. Based on the moving and opposing papers, and for the reasons outlined below, it is recommend that the District Court GRANT defendants' Motion to Dismiss, in Part, Plaintiff's First Amended Complaint.

/ / /

- 1 -

### *Background*

On April 12, 2011, plaintiff filed his original Complaint solely against defendant Rivera, a health care appeals coordinator, alleging she violated his constitutional rights by failing to properly process his administrative grievances. [Doc. No. 1.]  In an Order filed July 7, 2011, plaintiff's Complaint was dismissed without prejudice for failure to state a procedural due process claim. [Doc. No. 6.]

On August 4, 2011, plaintiff filed his First Amended Complaint adding several new defendants: A. Canlas, a medical doctor; M. Glynn, the chief medical officer; K. Seeley, a medical doctor; John Lubisich, a medical doctor; an unnamed radiology specialist; and an unnamed x-ray technician. [Doc. No. 4, at pp. 1-2.] Although they deny that plaintiff's factual allegations are true, defendants concede that plaintiff's First Amended Complaint states the essential elements for causes of action under the First Amendment for retaliation, under the Eighth Amendment for deliberate indifference to serious medical needs, as well as conspiracy under section 1983. [Doc. No. 17, at p. 3 n.1, 2; Doc. No. 4, at p. 21-22.]

In the First Amended Complaint, plaintiff alleges that he previously suffered gun shot wounds to his knee, leg, and lower back.  He also has documented medical problems with his back, including ostephytes on his lumbar spine, disc protrusion, and arthritis.  As a result, he suffers from severe chronic pain.  In addition, plaintiff claims there is an abnormal growth on his lumbar spine, and he experiences headaches and nausea every day.  For the past 15 years, he has been treated with various pain relievers, but these medications no longer alleviate his pain.  As a result, he  has been requesting different and stronger pain medications and additional medical care. [Doc. No. 4, at p. 3-4.]

On November 18, 2010, plaintiff claims defendant Canlas, a medical doctor, refused to prescribe different or stronger pain medication or to do anything about plaintiff's headaches or the growth on his spine.   Plaintiff believes the refusal to prescribe more effective medications was retaliatory and constituted deliberate indifference to his serious medical needs.  In support of these claims, plaintiff alleges he was told by defendant Canlas that stronger medication might be prescribed if he stops filing grievances against staff members.  Defendant Canlas also allegedly told plaintiff that his grievances would all be denied because anyone reviewing them would "side" with him, because all he had to do was "document" plaintiff's chart indicating plaintiff is "in perfect condition."   [Doc. No. 4, at pp. 2-4.]

/ / /

1    On December 24, 2010, plaintiff alleges he was seen by another medical doctor, defendant
2    Seeley. According to plaintiff, defendant Seeley also denied plaintiff a proper course of pain medication
3    and other necessary medical care.  In doing so, plaintiff alleges that defendant Seeley acted as a "co-
4    conspirator" with defendant Canlas by authorizing a "false x-ray report" indicating plaintiff's lumbar
5    spine is "normal."  Plaintiff believes defendant Canlas did this in order to cover up retaliatory acts by
6    his "buddy," defendant Canlas, and to deny him adequate medical care with deliberate indifference.
7    [Doc. No. 4, at pp. 2, 4-5.]  According to plaintiff, the "falseness" of this x-ray report can be verified by
8    comparing it to prior x-rays and MRI reports. [Doc. No. 4., at p. 5.] In addition, plaintiff claims that
9    defendant Seeley prescribed a psychiatric medication "in a retaliatory manner."   The medication
10   subjected plaintiff to various side effects, so he requested that the medication be discontinued, but
11   defendant Seeley laughed and increased the dosage in order to punish plaintiff. [Doc. No. 4, at pp. 5.]

12   Plaintiff believes defendant Glynn, the chief medical officer, assisted the other defendants by
13   acting "in concert" with them; by knowingly authorizing the wrongful, retaliatory course of treatment
14   and medication; and by using the "fabricated x-ray report" to deny plaintiff adequate medical treatment
15   and to cover up for the other defendants. [Doc. No. 4, at p. 2, 5-6.]  Defendant Rivera, a health care
16   appeals coordinator, allegedly acted in concert with the other defendants by compiling and organizing
17   the false information used to deny plaintiff adequate medical treatment.   Later, defendant Rivera
18   allegedly used her position to cover up the other defendants' "collective retaliatory deliberate
19   indifference" by knowingly and improperly refusing to process his grievances.  [Doc. No. 4, at p. 2, 6,
20   13-17.]

21                                                   ***Discussion***

22   In their Motion to Dismiss, defendants argue that plaintiff's claims against them in the First
23   Amended Complaint concerning a "fabricated x-ray report" must be dismissed for failure to satisfy
24   administrative exhaustion requirements before this lawsuit was initiated with the filing of the original
25   Complaint on April 12, 2011. [Doc. No. 17, at p. 1-2, 5.]  In support of their argument, defendants
26   submitted a Declaration by an employee of California Prison Health Care Services who is in charge of
27   inmate medical appeals filed at the third or highest level. [Doc. No. 17-1, Zamora Decl., at pp. 1-2.] The
28   Declaration states that as of November 28, 2011, plaintiff was still in the process of exhausting a

1   grievance (Log No. RJD-HC-11021059) claiming that prison officials fabricated and authorized a false

2   x-ray report showing plaintiff's lumbar spine is normal, even though prior medical reports indicated

3   plaintiff has abnormalities in his lumbar spine. [Doc. No. 17-1, Zamora Decl., at pp. 1-2.] This claim

4   had been filed at the third or highest level of review, but a decision had not yet been made. [Doc. No.

5   17-1, Zamora Decl., at 3.]

6           In Opposition to the Motion to Dismiss, plaintiff argues that his fabricated x-ray report claims

7   against the moving defendants should not be dismissed, because he fully exhausted his administrative

8   remedies before he filed his First Amended Complaint. In support of this argument, plaintiff submitted

9   Exhibit 1, a grievance (Form 602-HC, Log No. 19-10-14574) he initiated on November 22, 2010 and

10  which was appealed through the third or highest level of appeal as of July 6, 2011. Plaintiff made

11  allegations about the fabricated x-ray report in connection with this grievance. [Doc. No. 21-1, at pp.

12  2-11.] In his Opposition, plaintiff also argues defendants' Motion to Dismiss must be denied, because

13  it relies on the fact that plaintiff filed a separate administrative grievance claim which asserts the same

14  allegations. [Doc. No. 21, at pp. at 3-4.] In support of this argument, plaintiff submitted Exhibit 2, a

15  grievance (Form 602-HC, Log No. 19-11-10640) that he initiated on February 20, 2011 against the

16  medical x-ray technician who is allegedly responsible for the "fabricated x-ray report." [Doc. No. 21-2,

17  at pp. 1-14.] It appears that this grievance was also not fully exhausted as of December 13, 2011, when

18  plaintiff filed his Opposition to defendants' Motion to Dismiss. [Doc. No. 21-2, at p 6-8.] Based on the

19  evidence presented by plaintiff and defendants, it is apparent that plaintiff has filed at least three

20  different grievances which have included allegations about a fabricated x-ray report, and one of these

21  grievances was fully exhausted when plaintiff filed his First Amended Complaint but two others were

22  not.

23          Before tendering a Section 1983 complaint to the district court, a prisoner must exhaust all

24  administrative remedies. 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir.

25  2006). Generally, a prisoner cannot exhaust administrative remedies while the case is pending in the

26  district court. *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). In addition,

27  a prisoner is not entitled to a stay of the proceedings in order to satisfy exhaustion requirements. *Id.* at

28  1200-1201.

1   "[D]efendants have the burden of raising and proving the absence of exhaustion." *Wyatt v.*

2   *Terhune,* 315 F.3d 1108, 1117 n.9 (9th Cir. 2003).  The issue is properly raised in an unenumerated

3   motion to dismiss under Federal Rule of Civil Procedure 12(b).  *Id.* at 1119.  Unlike motions to dismiss

4   for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may

5   look beyond the pleadings to decide disputed issues of fact when ruling on a motion to dismiss for

6   failure to exhaust administrative remedies.[1]  *Id.* at 1120.  "If the district court concludes that the prisoner

7   has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."

8   *Id.* Where a plaintiff appears in pro se in a civil rights case, the court must construe the pleadings

9   liberally and afford the plaintiff any benefit of the doubt.  *Karim–Panahi v. Los Angeles Police Dep't,*

10   839 F.2d 621, 623 (9th Cir.1988).

11   Recently, in *Rhodes v. Robinson,* 621 F.3d 1002 (9th Cir. 2010), the Ninth Circuit held that

12   Federal Rule of Civil Procedure 15(d) allows a prisoner to file an amended or supplemental complaint

13   which includes new claims that arose after the suit was initiated, as long as the new claims were

14   administratively exhausted before the prisoner filed the amended complaint.  *Id.* at 1004-1005. Federal

15   Rule of Civil Procedure 15(d) allows litigants "to serve a supplemental pleading setting out any

16   transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

17   Fed.R.Civ.P. 15(d).  "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute

18   between the parties as possible by allowing the addition of claims which arise after the initial pleadings

19   are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.,* 668 F.2d 1014, 1057

20   (9th Cir. 1981).  Thus, a rule requiring a prisoner to exhaust new claims by the time an original

21   complaint is filed would defeat the purpose of Rule 15(d) and "ignore the general rule of pleading that

22   [an amended complaint] supercedes any earlier complaint, rendering the original complaint non-existent

23   and, thus, its filing date irrelevant." *Rhodes,* 621 F.3d at 1005.  Therefore, to determine whether newly

24   added claims in a prisoner's amended Section 1983 complaint fall within Rule 15(d) and have been

25   properly exhausted, courts must look to when the newly added claims arose and when the amended

26   complaint was filed.  *Id.* at 1004-1007.

27

28   [1]   "Generally, a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion." *Schneider v. California Dep't of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

08cv2109-MMA(KSC)

1  Of course, the rule set forth in *Rhodes* does not apply to new claims added to a prisoner's
2  amended Section 1983 complaint which could have been exhausted before the original Section 1983
3  complaint was filed. *Id.* Otherwise, prisoners would be able to make an end-run around the rules set
4  forth in *McKinney* and *Vaden* "that a prisoner must exhaust his administrative remedies before he
5  tenders his complaint in the district court" and cannot exhaust administrative remedies for the claims
6  in his original complaint while his case is pending. *Id.* at 1004-1005 (citing *Vaden*, 311 F.3d at 1050;
7  *McKinney*, 311 F.3d at 1199).

8  Here, plaintiff's fabricated x-ray report claims against the moving defendants were not included
9  in his original Complaint but were added when he filed his First Amended Complaint. In his Opposition
10 to defendants' Motion to Dismiss, plaintiff does cite evidence indicating he did exhaust his fabricated
11 x-ray report claims against the moving defendants before he filed his First Amended Complaint.[2] Along
12 with his Opposition, defendant submitted Exhibit 1, a grievance (Form 602-HC, Log No. 19-10-14574)
13 that he initiated on November 22, 2010, along with the paperwork showing the actions taken on this
14 grievance at the first, second, and third levels of review. [Doc. No. 21-1, at pp. 1-11.] Exhibit 1 shows
15 that on March 20, 2011, in response to the second level of review to his grievance, defendant stated as
16 follows: "***On January 3, 2011, medical staff fabricated a radiology x-ray[] report*** which states that
17 [defendant] has a 'normal lumbar spine' . . . . This fabrication is a[n] attempt to cover up [defendants']
18 misconduct of retaliation and intentional denial of adequate medical treatment." [Doc. No. 21-1, at p.
19 6 (emphasis added).] Plaintiff's allegation was addressed at the third or highest level of review in a
20 decision dated July 6, 2011. This decision states as follows: "You indicated medical staff fabricated an
21 x-ray report, stating it was normal; prior x-rays dated July 22, 2003, revealed degenerative osteophytes,
22 and a[n] MRI report dated June 20, 2007, revealed dehydrated and decreased discs, with mild facet
23 arthropathy, which is evidence of fabricated reports. . . ." [Doc. No. 21-1, at p. 10.] The decision
24 concludes as follows: "No changes or modifications are required by the institution. This decision
25 exhausts your available administrative remedy with the CDCR." [Doc. No. 21-1, at p. 11.] Plaintiff also
26 attached a copy of all of this paperwork as Exhibit 4 to his First Amended Complaint filed August 4,

27

28  [2] All of the moving defendants were named in this grievance. The medical doctor defendants were named as "John Does." [Doc. No. 4-4, at p. 2.]

1    2011. [Doc. No. 4-4, at pp. 1-11.] Exhibit 5 to the First Amended Complaint is a copy of the "False X-

2    Ray Report." The report shows an examination date of January 3, 2011. [Doc. No. 4-5, at pp. 1-2.]

3         Based on Exhibits 4 and 5, which are attached to the First Amended Complaint, plaintiff's

4    fabricated x-ray report claims against the moving defendants arose on or about January 3, 2011. Plaintiff

5    did not file his original Complaint until April 12, 2011. Because it is apparent that plaintiff's fabricated

6    x-ray report claims against the moving defendants did not arise after the action was initiated on April 12,

7    2011, these newly added claims do not render plaintiff's First Amended Complaint a "supplemental"

8    pleading under Rule 15(d) and *Rhodes*, 621 F.3d at 1004-1007. Plaintiff could have exhausted his

9    fabricated x-ray report claims against the moving defendants before he filed his original Complaint.

10   Therefore, dismissal of these claims without prejudice is warranted under *Vaden*, 449 F.3d at 1050;

11   *McKinney*, 311 F.3d at 1199; and *Rhodes*, 1004-1007.

12                                    ***Conclusion***

13        For the foregoing reasons, IT IS RECOMMENDED that the District Court GRANT defendants'

14   Motion to Dismiss and DISMISS plaintiff's fabricated x-ray report claims against the moving defendants

15   without prejudice for failure to exhaust administrative remedies before filing suit.

16        IT IS ORDERED that ***no later than August 20, 2012*** any party to this action may file written

17   objections with the Court and serve a copy on all parties. The document should be captioned "Objections

18   to Report and Recommendation."

19        IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and

20   served on all parties ***no later than September 4, 2012***. The parties are advised that failure to file

21   objections within the specified time may waive the right to raise those objections on appeal of the

22   Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

23        IT IS SO ORDERED.

24   Date: _____8/6_____, 2012

25

26                                    KAREN S. CRAWFORD
                                      United States Magistrate Judge

27

28

                                      - 7 -                              08cv2109-MMA(KSC)