UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>    Plaintiff,<br><br>vs.<br><br><br><br>JODIE RIVERA, et al.,<br><br>    Defendants. | CASE NO. 11cv763-MMA (KSC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**;<br><br>[Doc. No. 31]<br><br>**OVERRULING PLAINTIFF'S OBJECTIONS**;<br><br>[Doc. No. 32]<br><br>**GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 17] |

On April 12, 2011, Plaintiff Lenin Garcia, a state prisoner proceeding *pro se*, filed this purported civil rights action pursuant to 42 U.S.C. § 1983.  The Court issued an order dismissing Plaintiff's original complaint without prejudice and granting Plaintiff forty-five days to file an amended complaint.  *See* Doc. No. 3.  On August 4, 2011, Plaintiff filed a First Amended Complaint alleging various violations of his First and Eighth Amendment rights and a civil conspiracy cause of action against prison staff at R.J. Donovan Correctional Facility.  *See* Doc. No. 4.  Defendants answered the majority of Plaintiff's claims, but move

1  to dismiss his claim involving an allegedly fabricated X-ray report for failure to exhaust
2  administrative remedies as to that claim. *See* Doc. Nos. 17, 18. Pursuant to 28 U.S.C. §
3  636(b), and Civil Local Rule 72.3(a), United States Magistrate Judge Karen S. Crawford has
4  issued a thoughtful and well-reasoned and Report recommending that Defendants' motion to
5  dismiss be granted. *See* Doc. No. 31. Plaintiff has filed objections to the Report and
6  Recommendation, to which Defendants replied. *See* Doc. Nos. 32, 33.

7  Where, as here, a matter has been referred to the assigned magistrate judge pursuant to
8  28 U.S.C. § 636, a district judge "may accept, reject, or modify the recommended
9  disposition." Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "[T]he court shall make a *de*
10 *novo* determination of those portions of the [Report and Recommendation] to which
11 objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). In this case, the
12 Court has conducted the requisite *de novo* review and agrees that Defendants' motion to
13 dismiss should be granted.

14 The events giving rise to Plaintiff's claim regarding the purportedly fabricated X-ray
15 occurred in January 2011. Plaintiff filed this action in April 2011. Contrary to Plaintiff's
16 objections, neither Rule 15(d) nor Rule 18 of the Federal Rules of Civil Procedure permit his
17 claim to proceed. Rule 15(d) provides a mechanism for parties to file additional causes of
18 action based on facts that did not exist when the original complaint was filed. However,
19 when an amended complaint contains new claims that occurred prior to the filing of the
20 original complaint, those claims cannot be brought as supplemental pleadings under Rule
21 15(d). *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Moreover, Rule 18
22 does not excuse the exhaustion requirement as to each individual claim against a defendant
23 because exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Thus,
24 "[w]hile it may be inefficient to dismiss Plaintiff's claim[] now that [it is] exhausted, §
25 1997e(a) instructs that the Court must do so. The clear language of § 1997e(a) makes
26 efficiency considerations irrelevant." *Siguenza v. Cotero*, 2012 U.S. Dist. LEXIS 105192,
27 11-12 (S.D. Cal. June 6, 2012).
28 ///

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation in its entirety, and **GRANTS** Defendants' Motion to Dismiss. Plaintiff's claim regarding a fabricated X-ray report is dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies as to that claim prior to filing this action.

**IT IS SO ORDERED**.

DATED: September 12, 2012

Hon. Michael M. Anello
United States District Judge